IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-00098-F-1
No. 7:14-CV-00168-F

| | |
|---|---|
| CARL RAY McNEIL, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This matter is before the court on the Government's Motion to Dismiss [DE-51] Carl Ray McNeil, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42, -46].[1] Also before the court is McNeil's Motion to Supplement [DE-55]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and McNeil's Motion to Vacate and Motion to Supplement are DENIED.

## I. Factual and Procedural Background

On August 13, 2002, McNeill was charged in a three-count indictment. *See* Indictment [DE-12]. In Count One, McNeil was charged with armed robbery of a post office, in violation of 18 U.S.C. § 2114(a). Count Two charged McNeil with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In Count Three, McNeil was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). At McNeil's arraignment, held on January 21, 2003, he pled guilty to Counts Two and Three

---

[1] McNeil's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-42], which was filed on August 15, 2014. At the court's direction, McNeil filed a "conforming" motion [DE-46] on September 3, 2014.

pursuant to a written plea agreement [DE-26].

McNeil's sentencing hearing was held on June 2, 2003, and he was sentenced to 120 months' imprisonment on Count Two and 327 months' imprisonment on Count Three. *See* Judgment [DE-32]. It was the ordered that the sentence imposed in Count Two would run consecutive to the sentence imposed in Count Three.

On June 9, 2003, McNeil filed a Notice of Appeal [DE-33]. An Amended Judgment [DE-34] was entered on July 7, 2003, and an Amended Notice of Appeal [DE-35] was filed on July 9, 2003. In an unpublished opinion [DE-38], the Fourth Circuit Court of Appeals affirmed the judgment of this court. McNeil did not file a petition for certiorari with the Supreme Court.

McNeil filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42] on October 22, 2013, at the earliest.[2] McNeil argues that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (applying *Simmons* retroactively on collateral review), because he is actually innocent of Count Three. McNeil also argues that as a result of *Simmons*, *Miller*, and *United States v. Davis*, 720 F.3d 215, 216 (4th Cir. 2013), he is no longer an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). On October 15, 2014, the Government filed its Motion to Dismiss [DE-51], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. McNeil's original filing was a § 2241 filed in South Carolina, and McNeil dated his signature on the § 2241 motion as October 22, 2013. *See* Section 2241 motion [DE-42] at 15.

2

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Motion to Vacate

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

3

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The court finds that McNeil's § 2255 motion was not filed within one year of any of the circumstances set forth in section 2255(f), and as such, his motion is time-barred. The Fourth Circuit Court of Appeals issued its judgment on May 4, 2005, and McNeil filed the instant § 2255 motion on October 22, 2013, at the earliest. With respect to § 2255(f)(1), McNeil's motion was filed well over a year after the judgment against him became final. Additionally, McNeil does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, McNeil's § 2255 motion is not timely under § 2255(f)(2). McNeil's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as McNeil's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, McNeil's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). As the Fourth Circuit has held, a change in the law is not cognizable under § 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). In sum, McNeil's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is not timely.

4

The court further finds that McNeil is not entitled to equitable tolling. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).[3] In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds no extraordinary circumstances in the record which prevented McNeil from filing a timely § 2255 motion. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Moreover, in the en banc *Whiteside* decision, the Fourth Circuit Court of Appeals held that a change in the law regarding career offender enhancements does not justify tolling of the statute of limitations. *See Whiteside*, 775 F.3d at 184-86. Accordingly, the

---

[3] Although *Holland* concerned a state prisoner's federal habeas action under § 2254, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States*, No. DKC 03-0539, 2011 WL 3511078, at *15 n.17 (D. Md. Aug. 9, 2011) (citing *United States v. Terrell*, No. 10-6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi*, No. 08-8224, 394 F. App'x 976, 977-78 (4th Cir. 2010)).

5

court concludes that the doctrine of equitable tolling does not apply in this case.

## B. Motion to Supplement

In his Motion to Supplement, McNeil argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer an armed career criminal. Mot. Supp. [DE-55] at 1. Specifically, McNeil contends that his convictions for North Carolina common law robbery are no longer violent felonies. *Id.* at 2.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999).

North Carolina common law robbery qualifies as a violent felony within the meaning of the Armed Career Criminal Act ("ACCA") under the force clause, which covers crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015) (quoting portion of U.S.S.G. § 4B1.2(a)(1) that mirrors 18 U.S.C. § 924(e)(2)(B)(i)); *Hairston v. United States*, Nos. 1:11CR313-1, 1:13CV83, 2015 WL 6553895, at *2 (M.D.N.C. Oct. 29, 2015). Common law

6

robbery involves taking property from another through "violence or fear." *State v. Smith*, 292 S.E.2d 264, 270 (N.C. 1982). "Violence" is described by North Carolina courts as "actual force" and "fear" is "constructive force." *State v. Robertson*, 531 S.E.2d 490, 492 (N.C. Ct. App. 2000). Both alternatives require the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Thus, common law robbery is categorically a violent felony.

The "actual force" form of common law robbery is accomplished through "violence," which is "force to the body." *Robertson*, 531 S.E.2d at 492-93. The force that North Carolina courts have required is substantial, and it meets the definition of physical force applied to both the Armed Career Criminal Act and the career-offender guideline.

In *State v. Sawyer*, 29 S.E.2d 34 (N.C. 1944), the Supreme Court of North Carolina explained that the "degree of force used [in a common law robbery] is immaterial, so long as it is sufficient to compel the victim to part with his property or property in his possession." *Id.* at 37. The sufficiency requirement means that a *de minimis* touching is not enough to constitute common law robbery because it must be something more violent.

Similarly, the Supreme Court of North Carolina explained that the force "must be of such a nature as to show that it was intended to overpower the party robbed or prevent his resisting, and not merely to get possession of the property." *State v. John*, 50 N.C. 163, 169 (1857) (emphasis omitted). The sufficiency requirement in *John* guided the Court of Appeals of North Carolina to hold that a simple purse snatching was neither actual nor constructive force for common law robbery. *Robertson*, 531 S.E.2d at 492-93. The court explained that the Supreme Court of North Carolina had "articulated the amount of violence required to constitute actual

7

force" nearly a century and a half earlier in *John*, and mere purse snatching does not rise to the level of "overpower[ing] the party robbed." *Id.* (quoting *John*, 50 N.C. at 169 (emphasis omitted)). Actual force requires force sufficient to "compel the victim to part with his property." *Sawyer*, 29 S.E.2d at 37. The requirement is more than simple battery or a minimal touching: it is a violent force.

The force required for an actual-force common law robbery in North Carolina is sufficient to meet the guidelines' definition of physical force. The kind of force necessary to "compel the victim to part with his property," *id.*, and to "overpower the party robbed or prevent his resisting," *John*, 50 N.C. at 169 (emphasis omitted), is the kind of force that is "capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Therefore, the "actual force" version of common law robbery constitutes the "use . . . of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

The "constructive force" form of common law robbery also involves violent force because this form "connotes placing the victim in fear." *Robertson*, 531 S.E.2d at 492. The Supreme Court of North Carolina has explained that the "fear" element refers to fear of bodily injury, specifically the kind of fear that would "induce a man to part with his property for the sake of his person." *Sawyer*, 29 S.E.2d at 37 (internal quotation marks and citation omitted). In determining whether a defendant's prior common law robbery constituted a crime of violence, the Supreme Court of North Carolina examined the elements of the offense to characterize the crime as "a felony involving the use of threat of violence." *State v. Bell*, 603 S.E.2d 93, 117 (N.C. 2004). Even North Carolina's recognition of the "fear" element as constructive "force" demonstrates that "fear" refers to violence. *See Sawyer*, 29 S.E.2d at 37. As inciting someone to

8

part with their property for fear of injury to their person constitutes the "threatened use of physical force," 18 U.S.C. § 924(e)(2)(B)(i), a common law robbery accomplished through fear is categorically a violent felony.

As North Carolina common law robbery is a violent felony, McNeil was properly treated as an armed career criminal under § 924(e). Consequently, McNeil's Motion to Supplement is DENIED on the basis that amendment would be futile.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-51] is ALLOWED, and McNeil's Motion to Vacate [DE-42, -46] and Motion to Supplement [DE-55] are DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that McNeil has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 15 day of January, 2016.

_____
James C. Fox
Senior United States District Judge