IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-00098-F-1
No. 7:16-CV-00168-F

| | | |
|---|---|---|
| CARL RAY McNEIL, JR., | ) | |
|                 Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|                 Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-76] Carl Ray McNeil, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-70]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED and McNeil's Motion to Vacate is DISMISSED.

### I. Factual and Procedural Background

On August 13, 2002, McNeill was charged in a three-count indictment. *See* Indictment [DE-12]. In Count One, McNeil was charged with armed robbery of a post office, in violation of 18 U.S.C. § 2114(a). Count Two charged McNeil with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In Count Three, McNeil was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).

At McNeil's arraignment, held on January 21, 2003, he pled guilty to Counts Two and Three pursuant to a written plea agreement [DE-26]. The Government agreed it would dismiss Count One at sentencing. *Id.* at 8.

McNeil's sentencing hearing was held on June 2, 2003, and he was sentenced to 120

months' imprisonment on Count Two and 327 months' imprisonment on Count Three. *See* Judgment [DE-32]. It was the ordered that the sentence imposed in Count Two would run consecutive to the sentence imposed in Count Three. *Id.*

On June 9, 2003, McNeil filed a Notice of Appeal [DE-33]. An Amended Judgment [DE-34] was entered on July 11, 2003, and an Amended Notice of Appeal [DE-35] was filed on July 17, 2003. In an unpublished opinion [DE-38], the Fourth Circuit Court of Appeals affirmed the judgment of this court. McNeil did not file a petition for certiorari with the Supreme Court.

On August 15, 2014, McNeil filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42]. This court dismissed the motion as untimely. On February 1, 2016, McNeil appealed the judgment of his § 2255 motion. *See* Notice of Appeal [DE-62]. On June 24, 2016, the Fourth Circuit Court of Appeals granted a certificate of appealability regarding whether this court erred in denying as futile his claim that North Carolina common law robbery no longer qualifies as a predict offense under the Armed Career Criminal Act ("ACCA").

McNeil's appointed counsel[1] filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-70] on June 27, 2016. In his sole issue, McNeil argues that following *Johnson v. United States*, 135 S. Ct. 2551 (2015), his North Carolina convictions for common law robbery are not valid predicate convictions under ACCA. Mot. Vacate [DE-70] at 4. McNeil concludes that because he is no longer an armed career criminal, his sentence exceeds the statutory maximum sentence for possession of a firearm by a convicted

---

[1] Sherri R. Alspaugh with the Office of the Federal Public Defender was appointed to represent McNeil pursuant to Standing Order No. 15-SO-2 (E.D.N.C. Oct. 16, 2015).

2

felon. *Id.* On July 12, 2016, the Fourth Circuit denied McNeil authorization to file a second or successive § 2255 motion. On August 9, 2016, the Government filed a Motion to Dismiss [DE-76], arguing that dismissal is warranted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this court lacks jurisdiction.

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**McNeil has not satisfied the requirements of 28 U.S.C. § 2255(h).**

As noted, this is McNeil's second § 2255 motion. Therefore, McNeil must satisfy the requirements set forth in 28 U.S.C. § 2255(h), which provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Fourth Circuit Court of Appeals denied McNeil's application for authorization to file a second or successive § 2255 motion. *See* July 12, 2016 Order [DE-74]. Thus, this court lacks jurisdiction over McNeil's instant § 2255.[2]

### IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-76] is ALLOWED and McNeil's Motion to Vacate [DE-70] is DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the _6_ day of September, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge

---

[2] Despite the fact that this court lacks jurisdiction, McNeil's appeal of his first § 2255 is now pending before the Fourth Circuit. *See United States v. McNeil*, No. 16-6169 (4th Cir.). The Government represents that in that proceeding it has agreed that McNeil should be resentenced without the ACCA enhancement.