IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:02-CR-00098-F-1
No. 7:14-CV-00168-F

| | |
|---|---|
| CARL RAY McNEIL, JR., | ) |
|             Petitioner, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|             Respondent. | ) |

This matter is before the court on the Government's Motion to Dismiss [DE-51] Carl Ray McNeil, Jr.'s pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42, -46].[1] Also before the court is McNeil's Motion to Supplement [DE-55]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, McNeil's Motion to Supplement is ALLOWED, the Government's Motion to Dismiss is DENIED, and McNeil's Motion to Vacate Motion, as supplemented, is ALLOWED.

## I. Factual and Procedural Background

On August 13, 2002, McNeill was charged in a three-count indictment. *See* Indictment [DE-12]. In Count One, McNeil was charged with armed robbery of a post office, in violation of 18 U.S.C. § 2114(a). *See id.* Count Two charged McNeil with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). *See id.* In Count Three, McNeil was charged with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). *See id.* At McNeil's arraignment, held on January 21, 2003, he pled guilty

---

[1] McNeil's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-42], which was filed on August 15, 2014. At the court's direction, McNeil filed a "conforming" motion [DE-46] on September 3, 2014.

to Counts Two and Three pursuant to a written plea agreement [DE-26].

McNeil's sentencing hearing was held on June 2, 2003. McNeil was sentenced to 120 months' imprisonment on Count Two and 327 months' imprisonment on Count Three, to run consecutively. *See* Judgment [DE-32].

On June 9, 2003, McNeil filed a Notice of Appeal [DE-33]. An Amended Judgment [DE-34] was entered on July 7, 2003, and an Amended Notice of Appeal [DE-35] was filed on July 9, 2003. In an unpublished opinion [DE-38], the Fourth Circuit Court of Appeals affirmed the judgment of this court. McNeil did not file a petition for certiorari with the Supreme Court.

McNeil filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42] on October 22, 2013, at the earliest.[2] In his motion, McNeil argues that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), and *Miller v. United States*, 735 F.3d 141, 147 (4th Cir. 2013) (applying *Simmons* retroactively on collateral review), because he is actually innocent of Count Three. McNeil also argues that as a result of *Simmons*, *Miller*, and *United States v. Davis*, 720 F.3d 215, 216 (4th Cir. 2013), he is no longer an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). On October 15, 2014, the Government filed its Motion to Dismiss [DE-51], arguing that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On January 15, 2016, this court entered an order [DE-60] allowing the Government's Motion to Dismiss [DE-51], denying McNeil's § 2255 motion [DE-42, -46], denying McNeil's

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. McNeil's original filing was filed in South Carolina, and McNeil dated his signature as October 22, 2013. *See* motion [DE-42] at 15.

2

Motion to Supplement [DE-55], and denying a certificate of appealability. On February 1, 2016, McNeil filed a Notice of Appeal [DE-62].

In an unpublished per curiam opinion, the Fourth Circuit Court of Appeals denied a certificate of appealability, dismissed the appeal in part, vacated this court's order in part, and remanded the case to this court for further proceedings. *See* Unpublished Opinion [DE-80]. Specifically, the Fourth Circuit vacated this court's order with respect to the denial of McNeil's motion to supplement his initial § 2255 filing and remanded for consideration, in light of *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), of McNeil's challenge to the counting of his common law robbery convictions. *See id.* The Fourth Circuit denied a certificate of appealability as to McNeil's remaining claims and dismissed that portion of his appeal. *See id.*

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

3

the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Motion to Vacate

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court finds that McNeil's § 2255 motion was not filed within one year of any of the circumstances set forth in § 2255(f), and as such, his motion is time-barred. The Fourth Circuit Court of Appeals issued its judgment on May 4, 2005, and McNeil filed the instant § 2255 motion on October 22, 2013, at the earliest. With respect to § 2255(f)(1), McNeil's motion was filed well over a year after the judgment against him became final. Additionally,

McNeil does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, McNeil's § 2255 motion is not timely under § 2255(f)(2). McNeil's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as McNeil's motion is not based upon a newly recognized right made retroactively applicable by the Supreme Court. *See United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012) (holding that *Carachuri-Rosendo* is not retroactively applicable to cases on collateral review). Finally, McNeil's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). As the Fourth Circuit has held, a change in the law is not cognizable under § 2255(f)(4). *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). In sum, McNeil's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is not timely.

The court further finds that McNeil is not entitled to equitable tolling. Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). In order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights, and (2) that some extraordinary circumstance prevented the timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010).[3] In the Fourth Circuit, an otherwise time-barred petitioner must show (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from

---

[3] Although *Holland* concerned a state prisoner's federal habeas action under § 2254, the Fourth Circuit has applied its rationale to federal prisoners' § 2255 actions. *See, e.g., Mubang v. United States,* No. DKC 03-0539, 2011 WL 3511078, at *15 n.17 (D. Md. Aug. 9, 2011) (citing *United States v. Terrell,* No. 10-6886, 2010 WL 5376290, at *1 (4th Cir. Dec. 21, 2010); *United States v. Oriakhi,* No. 08-8224, 394 F. App'x 976, 977-78 (4th Cir. 2010)).

making a timely filing. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

The court finds no extraordinary circumstances in the record which prevented McNeil from filing a timely § 2255 motion. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (holding attorney miscalculation of deadline is not sufficient to warrant equitable tolling); *Rouse*, 339 F.3d at 248-50 (same); *Sosa*, 364 F.3d at 512 (holding that ignorance of the law is not a basis for equitable tolling in the case of an unrepresented prisoner); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (holding that unfamiliarity with the law due to illiteracy or *pro se* status does not toll the limitations period). Moreover, in the en banc *Whiteside* decision, the Fourth Circuit Court of Appeals held that a change in the law regarding career offender enhancements does not justify tolling of the statute of limitations. *See Whiteside*, 775 F.3d at 184-86. Accordingly, the court concludes that the doctrine of equitable tolling does not apply in this case.

## B. Motion to Supplement

In his Motion to Supplement, McNeil argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer an armed career criminal.[4] Mot. Supp. [DE-55] at 1. In particular, McNeil contends that his convictions for North Carolina common law robbery are no longer violent felonies. *Id.* at 2.

The amendment of a § 2255 motion is governed by Rule 15 of the Federal Rules of Civil Procedure. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 Proceedings do not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15). The Fourth Circuit

---

[4] At his sentencing, McNeil was determined to be an armed career criminal based on three counts of common law robbery. *See* PSR [DE-63] at 17, ¶ 63.

6

has held that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th. Cir. 2002). "In either situation, leave should be freely granted, and should be denied only where 'good reason exists . . . , such as prejudice to the defendants.'" *Id.* (quoting *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001)). Leave to amend should also be denied when the amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999).

The Fourth Circuit Court of Appeals has held that a conviction for North Carolina common law robbery does not categorically qualify as a violent felony under the Armed Career Criminal Act ("ACCA")[5]. *See Gardner*, 823 F.3d at 793. In *Gardner*, the Fourth Circuit determined that North Carolina common law robbery does not fall under the "force" clause of ACCA, 18 U.S.C. § 924(e)(2)(B)(i), but under ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson v, United States*, 135 S. Ct. 2551 (2015), the Supreme Court invalidated the residual clause. Moreover, *Johnson* applies retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). Therefore, McNeil's common law robbery convictions cannot serve as predicate violent felonies under ACCA, and McNeil's Motion to Supplement must be ALLOWED.

## IV. Conclusion

In light of the foregoing, McNeil's Motion to Supplement [DE-55] is ALLOWED. McNeil's Motion to Vacate [DE-42, -46], as supplemented, is ALLOWED, and the

---

[5] Under the Armed Career Criminal Act, a defendant "who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

7

Government's Motion to Dismiss [DE-51] is DENIED. McNeil's Judgment [DE-32] of conviction and sentence hereby is vacated, and he is to be promptly resentenced without the § 924(e) enhancement.[6]

SO ORDERED.

This the 8 day of November, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[6] Based on *Johnson* and *Gardner*, the Government conceded that McNeil would not be subject to the 15-year mandatory minimum of § 924(e) if he were sentenced today. *See* Unpublished Opinion [DE-80] at 2.